UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,           )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )        No. 4:05-CR-235 (CEJ)
                                    )
DERRICK D. HOWARD,                  )
                                    )
        Defendants.                 )

**MEMORANDUM AND ORDER**

Pursuant to 28 U.S.C. § 636(b), the Court referred all pretrial matters in this case to United States Magistrate Judge David D. Noce for determination and recommended disposition, where appropriate.  On June 30, 2006, and on July 10, 2006, Judge Noce issued Orders and Recommendations with respect to the disposition of the pretrial motions filed by defendant Derrick D. Howard.  The defendant has filed objections to the magistrate judge's ruling on the motion for disclosure of evidence and to several of the magistrate judge's findings of fact pertaining to the motion to suppress evidence and statements.  Accordingly, the Court reviews *de novo* the proposed findings and recommendations of the magistrate judge as to which objections have been made. 28 U.S.C. §636(b)(1).  In conducting its review, the Court has read the transcripts and listened to the tape recordings of the testimony presented during the evidentiary hearings before the magistrate

judge and has examined the exhibits received into evidence at the hearings.

## I.  **Motion to Suppress Evidence and Statements**

The defendant's first objection is that the magistrate judge did not mention in his findings of fact that the cooperating witness, Donnell Woods, offered to assist the Federal Bureau of Investigation because he did not want to go back to prison.  The defendant states that this fact is supported by an FBI 302 Report prepared by Special Agent Stanley Wright whom Woods first contacted. The Court has examined the FBI 302 Reports submitted by the defendant and received into evidence (Def. Ex. 1-19) and finds no reference to Woods' motivation for assisting the FBI.  Moreover, as the transcript reflects, Agent Wright testified that the only reason given by Woods for helping the FBI investigate the defendant was that Woods did not want to see a young man get killed.  (Feb. 22, 2006 Hrg. Tr. pp. 221-223).  The magistrate judge's factual finding accurately reflects the evidence that was presented.  Therefore, the defendant's objection will be overruled.

The defendant's second objection is to the magistrate judge's finding that the defendant is allowed to make unrecorded telephone calls from the Ste. Genevieve County jail to his attorneys between 5:00 p.m. and 7:00 p.m., and that the defendant's conferences with his attorneys at the jail are not recorded.  The defendant contends that he was not allowed to make unrecorded calls to his attorneys until March 2006, and that there was "no defense activity" in the

case from April 2005 until February 2006 because of problems that arose with respect to his legal representation. The findings of the magistrate judge are fully supported by the testimony of Hal Goldsmith, a Ste. Genevieve County jail administrator. The additional information that the defendant posits does not contradict the factual findings or detract from the legal conclusions reached by the magistrate judge. The defendant's objection will be overruled.

The defendant's third objection is to the magistrate judge's finding that the FBI paid Woods $2,000 for his services in April 2005. This finding is supported by Agent Wright's testimony. The defendant has not shown that this finding is inaccurate. Therefore, his objection will be overruled.

## II. **Motion for Pretrial Disclosure of Evidence**

The magistrate judge noted that the United States had agreed to produce all discovery that the defendant is entitled to receive under Rule 12 and Rule 16 of the Federal Rules of Criminal Procedure. Additionally, the magistrate judge established a deadline for the government to produce all Brady material and expert evidence. The defendant's objection appears to be that the government has not completed its production of discovery materials and, in particular, has not produced certain materials that have been filed under seal. The government's non-compliance with the magistrate judge's order and its refusal to produce documents that are under seal do not constitute objections to the magistrate

judge's findings.  If the defendant believes that he has not been provided the discovery to which he is entitled, he may file a motion asking the Court for relief.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the Orders and Recommendations of United States Magistrate David D. Noce filed on June 30, 2006 and July 10, 2006 are sustained, adopted, and incorporated herein.

**IT IS FURTHER ORDERED** that the motions of defendant Derrick D. Howard to dismiss Count 1 of the superseding indictment [#171], to dismiss Counts 2, 3 and 4 of the superseding indictment [#173], for dismissal of the indictment as a sanction [#202], and to suppress the audio recordings [#63 and #201]are **denied.**

**IT IS FURTHER ORDERED** that the defendant's motion to require the government to elect or dismiss counts [#167] is **denied without prejudice**.

**IT IS FURTHER ORDERED** that the defendant's motions to dismiss indictment [#36] and to suppress statements [#51] are **denied as moot.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE


Dated this 16th day of August, 2006.